IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMY L. T, <br><br>              Plaintiff, <br><br>     vs. <br><br> ANDREW SAUL, <br> Commissioner of Social Security, <br><br>              Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION DENYING DISABILITY BENEFITS TO PLAINTIFF <br><br> Court No. 2:18-cv-00152-CMR <br><br> Magistrate Judge Cecilia M. Romero |

Pursuant to 42 U.S.C. § 405(g) Plaintiff seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on August 22, 2019, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free of harmful legal error and is, therefore, AFFIRMED.

### I. LEGAL FRAMEWORK

**A.     Statutory and Regulatory Background**

To establish that she is disabled, a claimant must show that she was unable to engage in any substantial gainful activity due to some medically determinable physical or mental impairment or combination of impairments that lasted, or were expected to last, for a continuous period of at least 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A disabling physical or

mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). The claimant has the burden of furnishing medical and other evidence establishing the existence of a disabling impairment. 42 U.S.C. § 423(d)(5)(A), applicable to SSI cases through § 1382c(a)(3)(H)(i).

The federal regulations set forth a five-step sequential analysis that an administrative law judge (ALJ) must follow in determining the ultimate issue of disability. 20 C.F.R. §§ 404.1520, 416.920. A claimant bears the burden of proof at steps one through four, at which point the burden shifts to the Commissioner to demonstrate that there is other work in the national economy that the claimant can perform. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a) (The claimant generally bears the ultimate burden of proving that she was disabled throughout the period for which benefits are sought); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**B.     Standard of Review**

This Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). The Court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]." *Id.* (citation omitted). Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## II. FACTUAL BACKGROUND

Plaintiff protectively filed for DIB in September 2014 and applied for SSI in December 2014, alleging disability since August 1, 2013 (Certified Administrative Transcript (Tr.)) 11, 180-90). She alleged disability due to symptoms related to lumbar degenerative disc disease, migraine headaches, depression, and anxiety (Tr. 13, 208). Plaintiff attended two years of college and worked previously for the Transportation Safety Administration (TSA) as a security screener and a lead transportation security officer (Tr. 33-34, 47-48, 209, 262).

After a February 2017 administrative hearing (Tr. 27-51), an ALJ found that Plaintiff was not disabled within the meaning of the Act (Tr. 11-22). The ALJ followed the familiar five-step sequential evaluation for assessing disability. *See generally* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step process). At step two the ALJ found Plaintiff had the severe impairments of degenerative disc disease with lumbago, sacroiliac dysfunction, migraines, obesity, depressive disorder, and anxiety disorder. (Tr. 13). None of these medical impairments were found to meet or equal the criteria of the disabling impairments listed at 20 C.F.R. pt. 404, subpt. P, app'x 1 (Tr. 13-17). After further consideration of the evidence, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a range of light work involving simple, routine tasks that can be learned within 30 days with no more than occasional changes in the workplace (Tr. 17-20). At step four, the ALJ found that, given this RFC, Plaintiff was unable to perform her past relevant work as a TSA screener or officer. At step five, however, the ALJ determined that she could perform other light-exertion jobs in the national economy such as a cashier II, photocopy machine operator and cafeteria attendant (Tr. 21-22; Tr. 49-50).

The Appeals Council denied Plaintiff's ensuing request for review (Tr. 1-4), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210(a).[1] This timely appeal followed.

### III. ANALYSIS

On appeal Plaintiff argues that: (1) the ALJ's RFC findings about her subjective symptom testimony are not supported by substantial evidence; and, (2) the ALJ erred by not accepting responses to alternative hypothetical questions posed to the vocational expert after the ALJ's initial hypothetical question.[2] For the reasons explained below, the Court is not persuaded by these arguments.

**A.    The ALJ's assessment of Plaintiff's subjective symptom testimony is supported by substantial evidence.**

After step three of the five-step sequential analysis—and before moving on to step four—the ALJ assesses a claimant's RFC. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). RFC is "the most [a claimant] can still do despite [her] limitations." *Id*. §§ 404.1545(a)(1), 416.945(a)(1). Its assessment is reserved to the ALJ at the administrative hearing level, who considers "all of the relevant medical and other evidence," including a claimant's subjective symptom testimony. *Id*. §§ 404.1545(a)(3), 416.945(a)(3); *Id*. §§ 404.1546(c), 416.946(c). The Court will give "particular deference" to an ALJ's subjective symptom testimony assessment when that

---

[1] All Code of Federal Regulations (C.F.R.) citations are to the 2017 edition of 20 C.F.R. Parts 404 (DIB) and 416 (SSI), which were in effect at the time of the ALJ's decision.

[2] In her opening brief, Plaintiff appeared to make a due process argument asserting the ALJ did not fairly adjudicate her case. During oral argument, Plaintiff's counsel abandoned this argument stating he had not intended to advance it and did not believe that the ALJ's handling of the case was unfair.

assessment is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2002). Here, the ALJ's RFC finding—including his assessment of Plaintiff's subjective symptom testimony—warrants such deference.

Based on the record, the Court finds the ALJ properly discounted Plaintiff's subjective symptom testimony about her disabling limitations. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (in assessing subjective symptom testimony, the ALJ considers that testimony's consistency with the medical and nonmedical evidence of record). The ALJ relied on evidence found in the record as a whole in finding that—despite her severe physical and mental impairments—Plaintiff could perform a range of light work that involves only simple, routine tasks that can be learned within 30 days or less and only occasional changes in the workplace (Tr. 17). For example, Plaintiff told her medical providers that she had been "busy caring for her young child and grandchildren" (Tr. 17 (citing Tr. 2290-91, 2328, 2647)); the ALJ noted the lack of support in treatment notes from the medical providers for the extreme migraine limitations as alleged by Plaintiff (Tr. 16 (citing Tr. 2288-2661, 2538-49)); and objective medical findings of record described Plaintiff's normal motor strength and bulk, intact sensory function, normal reflexes, and normal gait, as well as unremarkable mental status examination findings (Tr. 16 (citing Tr. 2288-92, 2554-2661)). In sum, there is substantial evidence in the record to support the ALJ's symptom testimony assessment.

Similarly, Plaintiff's related argument—that the ALJ did not consider and account for the effects of her degenerative disc disease, migraine headaches, obesity, and mental impairments in assessing her RFC—is also unpersuasive. The ALJ specifically noted that in determining Plaintiff's RFC he considered the symptoms that were consistent with the objective medical

evidence. *See* Tr. 16 (considering Plaintiff's migraines and obesity); Tr. 18 ("In making this assessment, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence"); Tr. 19 ("In terms of the claimant's alleged combination of pain and physical limitations secondary to degenerative back and joint changes and obesity . . ."). Because the ALJ stated that he considered all of Plaintiff's symptoms in assessing her RFC, the Court finds no reason to depart from the "general practice" of "'tak[ing] a lower tribunal at its word when it declares that it has considered a matter.'" *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)). The Court declines Plaintiff's invitation to reweigh the evidence with a more favorable interpretation toward her position. *See Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (citation and quotation omitted)). The Court affirms the ALJ's RFC assessment.

**B.    The ALJ's step-five finding—that Plaintiff could perform other work existing in significant numbers—is supported by substantial evidence.**

In determining—at step five of the sequential evaluation—whether a claimant can perform a significant number of other jobs existing in the national economy, the ALJ may seek the assistance of a vocational expert. *See* 20 C.F.R. §§ 404.1566(d)-(e), 404.966(d)-(e). The vocational expert's testimony may be considered substantial evidence, upon which the ALJ may rely, when an ALJ propounds a hypothetical question to the vocational expert that includes all

the limitations the ALJ ultimately includes in the RFC assessment. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (finding no error when the ALJ relied upon a hypothetical question to the vocational expert that included all the limitations the ALJ ultimately included in his RFC assessment). Here, the ALJ's initial hypothetical question to the vocational expert contained the same limitations found in the ALJ's RFC finding that the Court has already found is supported by the record (*compare* Tr.48-49 *with* Tr. 17). Thus, the vocational expert's testimony constitutes substantial evidence on which the ALJ may rely in making his step-five finding.

Plaintiff contends the ALJ should have accepted the vocational expert's responses to subsequently-posed, alternative hypothetical questions with different limitations. An ALJ, however, is not required to rely on vocational expert responses to questions containing limitations that he reasonably excludes from the RFC finding. *See Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) ("The ALJ was not required to accept the answer to a hypothetical question that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record."); *accord Smith v. Colvin*, 821 F.3d 1264, 1270 (10th Cir. 2016) ("The administrative law judge had to ask only about the effect of those limitations ultimately assessed; the judge did not need to ask about the effect of limitations that he didn't believe applied."). The ALJ did not err in excluding from his decision the vocational expert's responses to the alternative hypothetical questions. Based upon the record and the vocational expert's responses to the ALJ's hypotheticals, the ALJ's step-five finding that Plaintiff could perform other jobs in the national economy is supported by substantial evidence.

## IV. CONCLUSION

The ALJ's decision is supported by substantial evidence and is free of harmful legal error, and is therefore AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 9 September 2019.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah